FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 01, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAVID STANLEY,

Plaintiff,

v.

OREGON MUTUAL INSURANCE COMPANY,

Defendant.

No. 2:24-CV-00036-MKD

STIPULATED PROTECTIVE ORDER

**ECF No. 11**

Before the Court is the Parties' Stipulated Protective Order.  ECF No. 11.

The parties requested the entry of a stipulated protective order.  The Court has

reviewed the record and finds good cause to enter the proposed order.

Accordingly, **IT IS HEREBY ORDERED:**

1.    The parties' Stipulated Protective Order, **ECF No. 11**, is **GRANTED**.

2.    The following Protective Order shall apply to this case:

ORDER - 1

**PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

Defendants claim that certain materials are "confidential." This material may include the following documents and tangible things produced or otherwise exchanged:

1.    Policies, procedures, training manuals and materials and related documents describing policies and procedures for handling certain types of claims; and

2.    Confidential information related to individual Oregon Mutual employees if relevant to the instant litigation and if ordered produced.

3.    SCOPE

ORDER - 2

The protections conferred by this agreement cover not only claimed confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal claimed confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the

ORDER - 3

designating party, a receiving party may disclose any confidential material

only to:

(a)    the receiving party's counsel of record in this action, as

well as employees of counsel to whom it is reasonably necessary to

disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house

counsel) of the receiving party to whom disclosure is reasonably

necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound (Exhibit A);

(c)    experts and consultants to whom disclosure is reasonably

necessary for this litigation;

(d)    the court, court personnel, and court reporters and their

staff;

(e)    copy or imaging services retained by counsel to assist in

the duplication of confidential material, provided that counsel for the

party retaining the copy or imaging service instructs the service not to

disclose any material designated as confidential to third parties and to

immediately return all originals and copies of any confidential

material;

ORDER - 4

(f)    during their depositions, witnesses in the action to whom

disclosure is reasonably necessary and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

otherwise agreed by the designating party or ordered by the court.

Pages of transcribed deposition testimony or exhibits to depositions

that reveal material designated as confidential must be separately

bound by the court reporter and may not be disclosed to anyone

except as permitted under this agreement;

(g)    the author or recipient of a document containing the

information or a custodian or other person who otherwise possessed or

knew the information.

4.3    Filing Confidential Material. Before filing material designated

as confidential or discussing or referencing such material in court filings, the

filing party shall confer with the designating party to determine whether the

designating party will remove the confidential designation, whether the

document can be redacted, or whether a motion to seal or stipulation and

proposed order is warranted.  During the meet and confer process, the

designating party must identify the basis for sealing the specific confidential

information at issue, and the filing party shall include this basis in its motion

to seal, along with any objection to sealing the information at issue.

ORDER - 5

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for

Protection.  Each party or non-party that designates information or items for

protection under this agreement must take care to limit any such designation

to specific material that qualifies under the appropriate standards.  The

designating party must designate for protection only those parts of material,

documents, items, or oral or written communications that qualify, so that

other portions of the material, documents, items, or communications for

which protection is not warranted are not swept unjustifiably within the

ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited.

Designations that are shown to be clearly unjustified or that have been made

for an improper purpose (e.g., to unnecessarily encumber or delay the case

development process or to impose unnecessary expenses and burdens on

other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items

that it designated for protection do not qualify for protection, the designating

party must promptly notify all other parties that it is withdrawing the

mistaken designation.

ORDER - 6

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition, hearing, or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

ORDER - 7

transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

ORDER - 8

significant disruption or delay of the litigation, a party does not waive its

right to challenge a confidentiality designation by electing not to mount a

challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must attempt to resolve any

dispute regarding confidential designations without court involvement. Any

motion regarding confidential designations or for a protective order must

include a certification, in the motion or in a declaration or affidavit, that the

movant has engaged in a good faith meet and confer conference with other

affected parties in an effort to resolve the dispute without court action. The

certification must list the date, manner, and participants to the conference. A

good faith effort to confer requires a face-to-face meeting or a telephone

conference.

6.3    Judicial Intervention.  If the parties cannot resolve a challenge

without court intervention, the designating party may file and serve a motion

to retain confidentiality.  The burden of persuasion in any such motion shall

be on the designating party.  Frivolous challenges, and those made for an

improper purpose (e.g., to harass or impose unnecessary expenses and

burdens on other parties) may expose the challenging party to sanctions. All

parties shall continue to maintain the material in question as confidential

until the court rules on the challenge.  If more than ten days pass after the

ORDER - 9

parties have met and conferred in good faith with no motion filed, the

confidential designation conferred by this agreement is waived with regard

to the specific documents about which the parties have met and conferred.

This ten-day period may be extended by agreement of the parties.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED
       PRODUCED IN OTHER  LITIGATION

If a party is served with a subpoena or a court order issued in other litigation

that compels disclosure of any information or items designated in this action as

"CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a

copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena

or order to issue in the other litigation that some or all of the material

covered by the subpoena or order is subject to this agreement. Such

notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be

pursued by the designating party whose confidential material may be

affected.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed

confidential material to any person or in any circumstance not authorized under

ORDER - 10

this agreement, the receiving party must immediately (a) notify in writing the

designating party of the unauthorized disclosures, (b) use its best efforts to retrieve

all unauthorized copies of the protected material, (c) inform the person or persons

to whom unauthorized disclosures were made of all the terms of this agreement.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR
OTHERWISE PROTECTED  MATERIAL

When a producing party gives notice to receiving parties that certain

inadvertently produced material is subject to a claim of privilege or other

protection, the obligations of the receiving parties are those set forth in Federal

Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

whatever procedure may be established in an e-discovery order or agreement that

provides for production without prior privilege review. The parties agree to the

entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals,

each receiving party must return all material that retains its confidential

designation to the producing party, including all copies, extracts and summaries

thereof. Alternatively, the parties may agree upon appropriate methods of

destruction.

Notwithstanding this provision, counsel are entitled to retain one archival

copy of all documents filed with the court, trial, deposition, and hearing transcripts,

ORDER - 11

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED July 1, 2024.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 12

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name] of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Eastern

District of Washington on _____, 2024, in the case of *Stanley v.*

*Oregon Mutual Insurance Company*, No. 2:24-CV-00036-MKD.  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Eastern District of Washington for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

DATED this _____ day of _____, 2024, at _____.
                                                                                    (City and State)

—
                                                    _____
                                                    Signature

                                                    _____
                                                    Print name

ORDER - 13